Where the defence consists of matter of fact merely, amounting to a denial of such allegations in the declaration as the plaintiff would, on the general issue, be bound to prove in support of his case, a special plea is bad, as unnecessary, and amounting to the general issue—First, on the ground of its prolixity; and, secondly, if viewed as a plea in confession and avoidance, it does not give color, or a plausible ground of action, to the plaintiff. 1 Chit. Pl. (Ed. 1827) 556. The defendant can not, in answer to a single claim, rely on several distinct answers; nor can he do so in one plea. Thus, in a plea of outlawry, the defendant can not state several outlawries, because one would be sufficient to defeat the action. Carth. 9; 1 Chit. Pl. (Ed. 1827) 260. It is insisted, that the demurrers to these pleas are not special. They might have been drawn with more formality, but they are sufficiently so to bring up the points above discussed. The principal defect alledged, is, that they do not state, with the requisite precision, the grounds of the demurrer. But facts are stated, from which the law infers legal consequences, and this is sufficient. Whether these pleas, therefore, be considered as stating facts which amount only to the general issue, as setting up two distinct grounds of defence, or, as pleas in confession and avoidance, they are defective. The demurrers to these pleas are sustained.

## Case No. 5,969.

HALSTED v. MILLER.

[Cited in Miller v. Jones, Case No. 9,575. Nowhere reported; opinion not now accessible.]

HALSTED (MILLER v.). See Case No. 9,-572.

HALSTED (STOVER v.). See Case No. 13,-509.

## Case No. 5,970.

HALVERSON v. NISEN et al.

[3 Sawy. 562.] [1]

District Court, D. California. March 16, 1876.

INJURIES BY NEGLIGENCE OF A FELLOW SERVANT.

1. The owner of a vessel is not responsible for injuries to a seaman, caused by the negligence of the mate, where no personal negligence on the part of the owner appears.

[Cited in Couillard v. The Victoria. 4 Fed. 160; Peterson v. The Chandos, Id. 649; The Edith Godden, 23 Fed. 46; The Egyptian Monarch, 36 Fed. 776; McFarland v. The J. C. Tuthill. 37 Fed. 716; The A. Heaton, 43 Fed. 597; The Frank and Willie, 45 Fed. 495.]

[Cited in Benson v. Goodwin, 147 Mass. 239, 17 N. E. 518.]

[In admiralty. Suit by Stiner Halverson against E. P. Nisen and others.]

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

J. McHenry, J. P. Dameron, and A. H. Townshend, for libellant.

Milton Andros, for respondents.

HOFFMAN, District Judge. This action is brought to recover compensation for injuries sustained by the libellant, a seaman on the schooner Twilight, by reason of the giving way of a rope to which a triangle on which the libellant was working, was attached. The libellant fell to the deck and sustained grave injuries. The respondents are the owners of the schooner. The rope which gave way was the jib down-haul, and the accident was caused by the chafed condition of the seizing, by which the down-haul block should have been secured. The triangle was rigged by the mate, and it is to his negligence or unskillfulness that the accident is to be attributed. No evidence whatever has been offered to show actual negligence on the part of the respondents. It is not pretended that they failed to exercise due care in the selection of the mate, or that there was any carelessness or neglect in the original outfit and appointments of the vessel. It is contended that in the owner's contract with the seaman there is an implied warranty that the vessel shall be, and continue during the voyage, seaworthy in every respect, and that the owner is responsible for any damage that may happen to the seamen through any defect in the tackle, apparel, or furniture of the ship. I do not consider it necessary to examine at much length the soundness of this proposition, for the circumstances of this case do not admit of its application if its soundness were conceded. In a certain sense it is as much a part of the implied engagement of the owner with the mariner that the ship shall, at the commencement of the voyage, be furnished with all the customary requisites for navigation, or, as the term is, shall be seaworthy; as that the master shall supply the mariners with good and sufficient provisions. Dixon v. The Cyrus [Case No. 3,930]; Curt. Merch. Seam. 20.

If, by the owner's negligence, the rigging or apparel are defective, and the seaman sustains an injury in consequence, the owner would be liable. His liability in this respect does not differ from that of any other master to a servant in his employment. It is the master's duty in all cases to use ordinary care and diligence to provide sound and safe materials for his servants. But he does not warrant them to be so nor insure the servant against the consequences of their defects. The foundation of his liability is his personal negligence. If the master knows, or would have known if he had used ordinary care, that the buildings or materials which he provides for the use of his servants are unsafe, he is certainly answerable for injuries caused thereby to his servants. See Shear. & R. Neg. § 92, and cases cited.

So, also, it is the duty of the master, so far as he can by the use of ordinary care,